# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK A. KLINE and <br> SHARON L. KLINE, | : <br> : <br> : | Civil No. 1:19-CV-00676 |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | |
| PROGRESSIVE CORP., | : <br> : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a breach of contract and bad faith action brought by two car insurance policyholders against their insurance company. Plaintiffs, Patrick A. Kline and Sharon L. Kline ("the Klines" or "Plaintiffs"), bring claims for breach of contract, bad faith, and unfair claim settlement practices. Defendant, Progressive Specialty Insurance Company ("Progressive"),[1] has filed a motion to dismiss portions of the Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court will grant Progressive's motion to dismiss.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case was first filed in the Franklin County Court of Common Pleas on March 20, 2019. (Doc. 1-2 at 6.) According to the complaint, Progressive issued the Klines an auto insurance policy on December 1, 2017, which provided that

---

[1] Progressive was incorrectly identified as "Progressive Corporation" in the Plaintiffs' complaint.

1

Progressive would indemnify the Klines from certain losses. (*Id.* ¶¶ 8–9.) The policy was in effect on January 1, 2018, when Patrick Kline was involved in a collision caused by Victor C. Mowen ("Mowen"). (*Id.* ¶¶ 10–13.) After the collision, the Klines settled a claim with Mowen for the maximum amount that Mowen's insurance company would pay under Mowen's auto insurance policy. (*Id.* ¶ 15.) The Klines subsequently filed a claim with Progressive for underinsured motorist coverage, but Progressive refused to pay the Klines' claim. (*Id.* ¶¶ 17–19.)

The Klines raise claims in their complaint for breach of contract, bad faith, and unfair claim settlement practices. The Klines allege that Progressive's conduct constitutes bad faith because Progressive "delayed paying Plaintiffs their policy proceeds for unknown reasons," because Progressive forced the Klines to pursue litigation to resolve their claim, because Progressive "engaged in deceptive acts" with regard to the Klines' policy, because Progressive "made false statements" to the Klines "for the purposes of creating an apparent reason" to deny the Klines' claim, and because Progressive "made oppressive demands" of the Klines to delay payment of the Klines' claim. (*Id.* ¶ 31.)

Progressive removed the case to this court on April 19, 2019, and then filed the instant motion to dismiss. (Docs. 1, 3.) The Klines filed a brief in opposition

to the motion on October 31, 2019, and Progressive filed a reply brief on November 3, 2019. (Docs. 9–10.)

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332, which allows a district court to exercise subject matter jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines

whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

In its motion to dismiss, Progressive argues that the Klines' bad faith claim should be dismissed because the Klines fail to plead sufficient facts to state a bad faith claim upon which relief can be granted; that the Klines' claim for unfair claim settlement practices should be dismissed because neither Pennsylvania's Unfair Insurance Practices Act ("UIPA") nor Pennsylvania's regulations governing unfair claim settlement practices allow for a private cause of action; and that the Klines' breach of contract claim should be dismissed to the extent that it seeks attorneys' fees because such fees are not available in a breach of contract action under Pennsylvania law. These arguments are addressed seriatim.

### A. The Complaint Fails to State a Bad Faith Claim Upon Which Relief Can Be Granted.

Progressive first argues that the Klines' bad faith claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the complaint does not allege sufficient facts to state a bad faith claim upon which relief can be granted. Bad faith claims under Pennsylvania law are governed by 42 Pa.C.S. § 8371. To state a claim for bad faith against an insurer under Pennsylvania law, a plaintiff must allege "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly

4

disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680 (Pa. Super. Ct. 1994)). "In other words, 'bad faith is a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured.'" *NVR, Inc. v. Motorists Mut. Ins. Co.*, 371 F. Supp. 3d 233, 255 (W.D. Pa. 2019) (quoting *The Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999)). A complaint does not state a bad faith claim upon which relief can be granted where the bad faith claim is based only on "bare-bones conclusory allegations" of bad faith. *Meyers v. Protective Ins. Co.*, No. 3:16-CV-01821, 2017 WL 386644, at *9 (M.D. Pa. Jan. 27, 2017); *accord, e.g.*, *Peters v. GEICO Advantage Ins. Co.*, No. 3:19-CV-01119, 2019 WL 3816929, at *3 (M.D. Pa. Aug. 14, 2019); *Sowinski v. N.J. Mfrs. Ins. Co.*, No. 3:17-CV-02352, 2019 WL 2246805, at *2 (M.D. Pa. May 23, 2019).

Here, the Klines' complaint fails to state a bad faith claim upon which relief can be granted because the bad faith claim is based entirely on "bare-bones conclusory allegations" of bad faith. *Meyers*, 2017 WL 386644, at *9. Specifically, the complaint makes the following allegations of bad faith:

 a. **Delay**. Even after determining that Plaintiffs had a right to the insurance proceeds claimed, the Defendant has delayed paying Plaintiffs their policy proceeds for unknown reasons.

 b. **Forcing Insured to Seek Legal Redress**. By delaying payment of Plaintiffs' claim, Defendant Progressive Corporation, knowing that

5

it had no legal justification for doing so, purposefully forced Plaintiffs to file this Complaint in order to obtain the insurance proceeds to which they are entitled. Defendant, Progressive Corporation, forced Plaintiffs to seek legal redress for unknown reasons.

c. **Deception**. Defendant realizing that it had no legal grounds for denying or delaying payment of Plaintiffs' claim, and/or engaged [sic] in deceptive acts relating to Plaintiffs' policy for the purposes of creating an apparent reason for denying the Plaintiffs' claim where no such reason existed.

d. **False Accusations**. Defendant realizing that it had no legal grounds for denying or delaying payment of Plaintiffs' claim, made false statements to the Plaintiffs' representatives and/or other persons for the purposes of creating an apparent reason for denying the Plaintiffs' claim where no such reason existed.

e. **Oppressive Demands**. In the course of adjusting Plaintiffs' claim, Defendant made oppressive demands of the Plaintiffs for the purposes of delaying payment of Plaintiffs' claim.

(Doc. 1-2 ¶ 31.) The complaint includes no factual allegations in support of the above conclusions. Thus, while the complaint makes the conclusory allegations that Progressive engaged in deceptive acts, made false statements, and made oppressive demands, it does not contain any factual allegations as to what those deceptive acts, false statements, or oppressive demands were. Indeed, once the conclusory allegations of bad faith are disregarded, the complaint alleges only that Patrick Kline was involved in a collision with Mowen, the Klines made an underinsured motorist claim for the collision, and Progressive did not settle or resolve the claim with the Klines.

Courts in this district have found allegations identical to those made by the Klines insufficient to state a claim for bad faith. For example, in *Peters*, the court found that a complaint failed to state a bad faith claim where the nonconclusory allegations in the complaint alleged only that the plaintiff was in a collision with an underinsured motorist, that the plaintiff made a claim, and that the insurer did not settle or resolve the claim. *Peters*, 2019 WL 3816929, at *4; *see also, e.g.*, *Moran v. United Servs. Automobile Assoc.*, No. 3:18-CV-02085, 2019 WL 626440, at *5 (M.D. Pa. Feb. 14, 2019) (finding allegation that insurer had not settled or resolved insured's underinsured motorist claim insufficient to state a claim for bad faith); *Grustas v. Kemper Corp. Servs., Inc.*, No. 3:18-CV-01053, 2018 WL 6991257, at *4 (M.D. Pa. Dec. 17, 2018) (same), *report and recommendation adopted*, No. 3:18-CV-01053, 2019 WL 165719, at *1 (M.D. Pa. Jan. 10, 2019). The Klines' bad faith claim will therefore be dismissed without prejudice because the factual allegations in the complaint are insufficient to state a bad faith claim upon which relief can be granted.

The court will, however, grant the Klines leave to amend their bad faith claim. Although the court is not required to grant a plaintiff leave to amend in a non-civil rights case, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), courts in this district have routinely done so in cases like this one where a plaintiff's bad faith claim is dismissed for failure to

state a claim upon which relief could be granted. *See, e.g.*, *Peters*, 2019 WL 3816929, at *4; *Grustas*, 2018 WL 6991257, at *4. Accordingly, the Klines will be given leave to amend their complaint to attempt to state a bad faith claim upon which relief can be granted.

### B. There Is No Private Cause of Action Under UIPA or Under Pennsylvania's Unfair Claim Settlement Practices Regulations.

In its second argument, Progressive argues that the Klines' claim for unfair claim settlement practices should be dismissed because neither UIPA nor Pennsylvania's unfair claim settlement practices regulations allow for a private cause of action. (Doc. 4 at 10–12.) In response, the Klines note Progressive's reliance on the Pennsylvania Supreme Court's decision in *D'Ambrosio v. Pa. Nat'l Mut. Cas. Ins. Co.*, 431 A.2d 966 (Pa. 1981), and argue that such reliance is misplaced because, according to the Klines, *D'Ambrosio* was superseded by the Pennsylvania Supreme Court's decision in *Rancosky*, 170 A.3d at 364. (Doc. 9 at 6.) Progressive argues that *Rancosky* did not supersede *D'Ambrosio* in relevant part and that it remains true after *Rancosky* that there is no private cause of action under UIPA. (Doc. 10 at 2–3.) Progesive is correct.

UIPA, which is codified at 40 P.S. §§ 1171.1–1171.15, governs trade practices within the insurance industry and provides for civil enforcement actions brought by the Insurance Commissioner of the Commonwealth of Pennsylvania. Trade practices in the insurance industry are additionally governed by regulations

8

regarding unfair claim settlement practices. *See* 31 PA. CODE §§ 146.1–146.10. Neither UIPA nor the regulations allow for a private cause of action. *See, e.g.*, *Excel Pharm. Servs., LLC v. Liberty Mut. Ins. Co.*, No. 18-CV-04804, 2019 WL 4393076, at *3 (E.D. Pa. Sept. 12, 2019) (noting that UIPA does not allow plaintiffs to bring a private cause of action); *Neri v. State Farm Fire & Casualty Co.*, No. 19-CV-00355, 2019 WL 3821538, at *6 (E.D. Pa. Aug. 13, 2019) (same); *see also* 14 Summ. Pa. Jur. 2d Insurance § 2.56, Westlaw (database updated Oct. 2019) ("The Unfair Insurance Practices Act (UIPA) does not provide a private cause of action for violations; nor do the regulations promulgated thereunder.").

The Klines are correct that the Pennsylvania Supreme Court's decision in *Rancosky* partially superseded the court's earlier decision in *D'Ambrosio*. The court's decision in *Rancosky*, however, only superseded *D'Ambrosio* to the extent that *D'Ambrosio* held that plaintiffs could not bring a private cause of action for bad faith against insurers. As the *Rancosky* court explained, the *D'Ambrosio* decision declined to recognize a common law cause of action for bad faith that had previously been recognized by a number of jurisdictions. *Rancosky*, 170 A.3d at 166. Subsequent to that decision, the Pennsylvania General Assembly created a cause of action by statute under 42 Pa.C.S. § 8371, which was "widely considered a delayed legislative response" to *D'Ambrosio*. *Rancosky*, 170 A.3d at 166. The court in *Rancosky* therefore recognized that *D'Ambrosio* was superseded by statute

under 42 Pa.C.S. § 8371 and that plaintiffs could bring a private cause of action for bad faith against insurance companies, but did not supersede or otherwise invalidate the *D'Ambrosio* court's holding that there was no private cause of action under UIPA. *See Rancosky*, 170 A.3d at 164–76.

Progressive therefore did not err in relying on *D'Ambrosio* for the proposition that there is no private cause of action under UIPA. It remains the case that neither UIPA nor the regulations governing unfair claim settlement practices allow a plaintiff to bring a private cause of action. *See, e.g.*, 14 Summ. Pa. Jur. 2d Insurance § 2.56. The Klines' unfair claim settlement practices claim will accordingly be dismissed with prejudice because there is no private cause of action for unfair claim settlement practices under Pennsylvania law.

### C. The Klines May Not Recover Attorneys' Fees for Their Breach of Contract Claim.

In its final argument, Progressive argues that the Klines' breach of contract action should be dismissed to the extent that it seeks attorneys' fees because such fees are unavailable in a breach of contract claim "absent express statutory authorization, clear agreement between the parties, or a clear exception." (Doc. 4 at 12 (citing *Bayne v. Smith*, 965 A.2d 265 (Pa. Super. Ct. 2009)).) The Klines respond that attorneys' fees are available "'as a sanction' when conduct is vexatious." (Doc. 9 at 7 (quoting *Finder v. Crawford*, 167 A.3d 40 (Pa. Super. Ct. 2017)).)

Under Pennsylvania law, litigants generally "bear responsibility for their own costs and attorney's fees in the absence of express statutory authorization for fee awards, contractual fee-shifting, or some other recognized exception." *Kessock v. Conestoga Title Ins. Co.*, 194 A.3d 1046, 1059 (Pa. Super. Ct. 2018) (citing *Herd Chiropractic Clinic, P.C. v. State Farm Mut. Automobile Ins. Co.*, 64 A.3d 1058, 1062 (Pa. 2013)). Here, the Klines have not shown the existence of any statute that would allow them to recover attorneys' fees, nor have they pointed to a provision of the parties' contract or some other exception that would allow them to recover fees. The only authority the Klines cite in support of their argument, *Finder*, stands for the unrelated proposition that attorneys' fees may be awarded as a sanction for a party's misconduct during litigation. *See Finder*, 167 A.3d at 45 ("An award of attorney's fees is appropriate where utilized as a sanction only where it is shown that a party's conduct during the pendency of the matter was 'dilatory, obdurate or vexatious,' or in bad faith."). Since neither party has filed a motion for sanctions, *Finder* is irrelevant to the present discussion.[2] Thus, absent an express statutory authorization, a provision in the parties' contract, or some other exception, the Klines may not recover attorneys' fees in their breach of

---

[2] Additionally, the court notes that even if a motion for sanctions were filed in this case, such a motion would be governed by applicable federal law—specifically Rules 11 and 37 of the Federal Rules of Civil Procedure and related provisions—and not the state law provisions at issue in *Finder*.

contract action.  The Klines' prayer for attorneys' fees arising out of their breach of contract claim will therefore be stricken from their complaint.

## **CONCLUSION**

For the foregoing reasons, Progressive's motion to dismiss is granted.  An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: December 17, 2019